UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DERREL LEONARD THOMAS,   8:25-cv-2939-MSS-LSG

Plantiff,

-vs-                     Case No: 8:25-cv-1616-MSS-LSG

Case No: 8:23-cv-2777-MSS-AAS

JUDGE KURT HITEMANN, et as.,

DETECTIVE HYLER, et as.,

Defendants.

## CIVIL COMPLAINT AGAINST SCRIVEN

## TO THE CHIEF JUDGE

Derrel Leonard Thomas Pro-se, file this motion in good faith Pursuant to Rule 60(b)(4), Judge Scriven lacks personal jurisdiction over Mr. Thomas because she has not ruled on her impartiality in Case No. 8:23-cv-1699-MSS-TGW, Appeal Case No. 24-12604.

## ORDERS ARE VOID

Mr. Thomas filed a Motion for Change of Venue against Judge Scriven on August 14, 2024, (EX.A), for bias, prejudice, in which her impartiality is at question, she has not ruled upon that motion, Mr. Thomas can appeal a denial of that motion, and an appeal is still pend-

1

ing in the 11th Circuit Court against her as of right now. Title 28 Section 144 of the U.S. Code is the controlling statute for this issue.

It states that once a party files a timely sufficient affidavit alleging personal bias or prejudice, <u>the judge shall(mandatory) proceed no further in the case</u>, Mr. Thomas change of venue motion is a sufficient affidavit(EX. A),which alleged personal bias and prejudice, by law all Judge Scriven orders are void, she was without jurisdiction to rule upon anything, until she ruled on my change of venue.

A judge should not rule on other motions until their impartiality is addressed if a motion for recusal has been filed because the intergrity of the judiciary is at stake. Federal law, such as 28 U.S. Code 455(a) and Supreme Court's decision in <u>Liteky v. United States</u>, mandates a federal judge to disqualify themselves in any proceeding where their impartiality might reasonable be question. Judge Scriven has also rule in Case No. 8:23-cv-2777-MSS-AAS, in which she had this record seal, Judge Scriven needs a mental health check, because they will be overturn at the next level.

## MOTION TO ALTER OR AMEND JUDGMENT

In Case No: 8:25-cv-1616 (Doc.15), Mr. Thomas filed a sufficient motion to recused this judge(EX. B), in which she did not rule upon, just as she has not ruled on the change of venue, because Mr. has a right to appeal a denial of motion which is apart of the appeal still

pending.

Florida Rule of Civil Procedure 2330(f) states, if a motion to disqualify a judge is legally sufficient, the Judge must immediately grant the motion and disqualify themselves, without further action in the case.

The Judge's role is to rule on the legal sufficiency of the motion, not to dispute the factual allegations. See (EX.B).

## THE SUPREME COURT SAYS JUDGES ARE NOT IMMUNE FROM LAWSUITS

### JUDGE'S IMMUNITY

Absolute judicial immunity, judges are protected from civil liability actions taken in their judicial capacity.

Limitations, this immunity is obsolute and applies even if the judge's actions are alleged to be malicious, just as your action in Mr. Thomas proceedings.

### PROSECUTOR'S IMMUNITY

Absolute immunity applies to prosecutorial functions, such as making legal decisions and argument in court.

Limited immunity does not apply when a prosecutor is acting in an investigative role, such as gathering evidence or searching for clues.

### SUPREME COURT CASES

<u>Buckley v. Fitzsimmons</u>, (1993), The Court held that a prosecutor was not immune for acts taken to investigate a crime, as this was out-

side the scope of their absolute immunity.( same apply to Judges).

<u>Kalina v. Fletcher</u>, (1977), The Court ruled that a prosecutor could be sued for making false statements in sworn certification to get an arrest warrant because it was an investigative function, not a judicial one.

The immunity of a prosecutor and a judge depends on the nature of act being performed, not the office they hold, the acts in this case is a discriminatory, conspiracy and a violation of due process and equal protection under the law.

## CONCLUSION

A ruling is required on Mr. Thomas motion for change of venue, that as an appealable motion, all orders entered by Judge Scriven is void under the law.

## CERTIFICATE OF SERVICE

I CERTIFY that a true copy was mailed to the Clerk of Court and a copy email to all Defendants of record, on this 14th day of October 2025.

<u>S/DERREL LEONARD THOMAS, PRO-SE</u>

821 MOONLIGHT LANE

BROOKSVILLE, FL 34601

PHONE NO. 352-238-9730

EMAIL. DERRELTHOMAS50@GMAIL.COM

# EX. A

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DERREL LEONARD THOMAS,

    Plaintiff,

-v-                    Case No. 8:23-cv-1699-MSS-TGW

MATTHEW BEEBE, DOUGLAS BURKE, AL NIENHUIS and RANDAL ORMAN,

    Defendants.

_____/

## 28 U.S.C. & 1406 MOTION FOR CHANGE OF VENUE IN THE INTREEST OF JUSTICE:

I Derrel L. Thomas, Pro-se, request a moved from the Tampa Division to the Orlanda Division Court. Mr. Thomas would not receive a fair hearing in the Tampa Division for bias and prejudice by these Federal Judges in the Tampa Division. This case is not final, this case has been reopened in the Circuit Court in Hernando County, your order is premature and should be void.

Judge Scriven stated in her order(Doc-41), (Pg-3) The State

1

trial court rejected <u>Woodruff</u>, according to the Florida Supreme Court, the only federal court ruling that bind the Florida Supreme Court are those from the U.S. Supreme Court. The Florida Supreme Court is the state's highest tribunal and the apex of its judicial system. In 2005, the Florida Supreme Court ruled that decsions from federal circuit courts are persuasive precedent, but not binding. This means <u>Woodruff</u>, is binding on all States Court and Federal District Court, in which you must obey.

The Florida Supreme Court case in <u>Woodruff</u>, is very easy to comprehend, in order for felony battery to prove, felony battery uses the word convicted, is a distinction without a difference, because the statue requires a conviction of the misdemeanor battery in a first phase proceeding.( in which the State did not convict the misdemeanor). The second phase, in a separate proceeding, in the case at hand, the judge must make a finding of a prior conviction of battery.

Felony battery and Misdemeanor battery are two separate offenses, not simply a penalty enhancement. Felony battery requires additional elements that misdemeanor battery does not, one prior conviction, Felony battery would be impossible to obtain without a current misdemeanor conviction. See

State v. Mercer, 2013 WL 811477, 38 Fla. L. Weekly D541(Fla. 2d DCA March 6, 2013); quoting Woodruff v. State, 676 So. 2d 975 (1996).( The Florida Supreme Court would be upset by you stating Woodruff, is not good case law).

Judge Scriven stated on (PG-1) of her order, the Court consideration of the Motion to Dismiss Plaintiff's Fourth Amendment claims, the same facts arose from the felony battery procceding as the misdemeanor battery proceeding.( Judge Scriven has not cited one case law that her theory of law is not the law) This is the law, a misdemeanor battery and felony battery are two different charges with different elements, the filing of felony battery in the circuit court based on the same conduct is insufficient to keep the misdemeanor viable, State v. Mercer. The Court expalin why the State cannot drop charges on the misdemeanor battery and refile a felony battery charge in the circuit court based on the same incident without refilling the misdemeanor with the felony. The Court based it decision in State v. Agee, 622 So. 2d 473(Fla. 1993), stating that when the State enters a nol pros., the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired. Therefore, once the speedy trial time expires for the misdemeanor, it cannot be

3

resurrected, so it must be included in the felony information. (The misdemeanor battery was not included in the felony information, making the sentence and conviction unlawful and illegal based on fraud of the Court).

Mr. Thomas was convicted under F.S. 784.03(2) which is a nonexistent crime, Mr. Thomas arrest was for domestic battery under F.S. 741.28, domestic violence designation under section 741.28(2) triggers mandatory minimum sentences under 741.283. In this case Mr. Thomas was in jail for 60 days with no bond, and was innocent of the charge, a first time offender with injury to a family member 10 days in jail, Mr. Thomas was accused of pushing his wife at the time. This is a manifest of injustice on the face of record.

## CONCLUSION

The 11th Circuit Court of Appeals will see this manifest of injustice.

## CERTIFICATE OF SERVICE

I CERTIFY that a true copy was efile with the Clerk of Court and a copy faxed to Damon S. Starrett, ESQ at (407 841-8431 on this 14th day of August 2024.

**DERREL L. THOMAS, PRO-SE**

**821 MOONLIGHT LANE**

4

BROOKSVILLE, FL 34601

PHONE NO. 352- 238-9730

EMAIL. derrelthomas50@gmail.com

5

# EX. B

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DERREL L. THOMAS, et al.,

Plaintiff,

-vs-                                Case No. 8:25-cv-1616-MSS-LSG

KURT HITZEMANN,

JOSHUA HEALION, KYLE DOTY, et al.,

Defendants.

_____/

## I. MOTION TO ALTER OR AMEND JUDGMENT:

I Derrel Leonard Thomas, Pro-se, filed this motion in good faith, Federal Rule of Civil Procedure 59(e), Motion to Alter or Amend a judgment must be filed no later than 28 days after the entry of judgment, motion is timely.

A.          SUFFICIENT MOTION:

Plaintiff is attaching an Amended Sufficient Motion to Recuse. (EX.A).

II.          THE JUDGMENT IS VOID:

Plaintiff filed a Motion for Change of Venue in Case No. 8: 23-cv-1699-MSS-TGW(EX.B), this case is on appeal at the 11th Circuit

1

Circuit Court of Appeals under Case No. 24-12604. In that motion for change of venue, in which Judge Scriven never rule upon, her impartiality was question, in which she is not allowed to rule upon other orders until her impartiality is address in the first case that's pending on appeal.

Plaintiff is not trying to compel Judge Scriven to recuse herself because she issued an order or ruled against Plaintiff in a current case or a prior case. Plaintiff has seen a pattern in Judge Scriven, she don't follow the law, this Judge rejected Woodruff v. State, 676 So. 2d 975 (1996); State v. Mercer, 2013 Wl 811477, 38 Fla. L. Weekly D 541(Fla 2d DCA March 6, 2013); State v. Agee, 622 So. 2d 473(Fla. 1983); two of these case are from the Florida Supreme Court, this Judge is bind by the Florida Supreme Court precedent opinions, yet she including her unsubstantiated opinion. See Judge Scriven Order(EX.C-PG-5,6), disregarding Woodruff and Agee, Florida Supreme Court.

See Case No. 8:23-cv-2777-MSS-AAS, just as stated above, this lady had no-right to rule on this motion in February 13, 2025, on top of that requested the record to be sealed, see Judge Scriven order granting Defendants Motion to Dismiss(EX.D-PG.4,5), Thomas Sr. false arrest and false imprisonment claims must fail because he was arrested pursuant to a warrant, which is attached to his amended complaint, this is clear error on the face of record, this Judge is not fit to be a Judge in

2

Case 8:25-cv-02838-MSS-LSG    Document 15    Filed 10/22/25    Page 14 of 17 PageID 14
Case 8:25-cv-01616-MSS-LSG    Document 15    Filed 09/16/25    Page 3 of 6 PageID 168
Tuesday, September 09, 2025

Federal Court.

This is the attachment to the amended complaint(EX.E), an Arrest Affidavit, (EX. F) is the search warrant, Plaintiff is not apart of the investigation, this Judge has committed perjury on the face of record, and is in violation of her oath of office, she needs to be remove from office.

### III. MEMORANDUM OF LAW:

When a motion to disqualify a federal judge for lack of impartiality is filed(change of venue), the judge must address that motion before ruling on the case merits, but it does create a strong presumption that substantive ruling should be paused until the impartiality question is settled.(change of venue motion has not been settled, questioning this Judge impartiality).

### IV. FEDERAL STATUE ON JUDICIAL DISQUALIFICATION:

The legal requirement for a federal judge to recuse themselves is primarily governed by 28 U.S. Code & 455. The key provision is & 455(a), which states, Any justice, judge, or magistrate judge of the United States shall(mandatory) disquaify himself in any proceeding in which his impartiality might be reasonable questioned.(As stated above Plaintiff, has to defend Judge Scriven and the defendants, I'm entitled to a fair hearing and proceeding under the Sixth Amendment of the Constitution of the United States).

3

This is a mandatory obligation for the judge. The standard is objective, based on what a reasonable person would preceive, not on the judge's own subjective view of their impartiality.( tell me what reasonable person would what this judge proceeding over there case that don't follow the law).

The Supreme Court case of <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847 (1988), established a critical precedent regarding judicial recusal. In that case, a judge ruled in favor of a party but later learned that his position as a university trustee had created a conflict of interest, even if he wasn't consciously aware of it at the time of the trial.

Whe a federal judge in the Middle District of Florida has their impartiality questioned in an appeal from another case that's pending, they should generally recuse themselves from the present case. The central question is whether the circumstances would cause a reasonable observer to doubt the judge's impartiality.( Due Process: The constitutional right to due process guarantees a person an impartiality and disinterested tribunal).

## V. CODE OF CONDUCT FOR UNITED STATES JUDGES, CANON 2:

This canon dictates that a judge should avoid impropriety and the appearance of impropriety. The commentary explains that an app-

Case 8:25-cv-02939-MSS-LSG   Document 15   Filed 10/22/25   Page 16 of 17 PageID 176
Case 8:25-cv-01616-MSS-LSG   Document 15   Filed 09/16/25   Page 5 of 6 PageID 170
Tuesday, September 09, 2025

earance of impropriety exist when reasonable minds, with knowledge of all the relevant circumstances would conclude that the judge's impartiality is impaired.

## VI. HOW AN ONGOING APPEAL AFFECTS THE PRESENT CASE:

An ongoing appeal question a judge's impartiality in another case creates a significant risk of an appearance of impropriety in the present case for several reasons:

1. Threat to Public Confidence: Having a judge who is the subject of an appeal over impartiality preside over another case can erode public trust in the judiciary. The situation creates a perception that the judge is under scrutiny, which could influence their decisions in the prior case, a reasonable person might question if that adversarial relationship could spill over into other proceedings.( you can see on the face of record it spill over to the case at hand).

2. Subconscious bias: While a judge may consciously believe they can remain impartial, the appeal could subconsciously affect their decision making. Recusal avoids this potential conflict.( Plaintiff has fear that this judge as stated above will not follow the law, and cause Plaintiff to spend more money appealing her erroneous rulings). I'm a 100 percent the pending appeal will be over-turn, are it will go the United States Supreme Court.

5

## CONCLUSION:

An appeal has been filed in another case against this Judge(EX.G), the grounds for that appeal (questional impartiality), and why that creates a reasonable fear of bias in the present case. All orders made by this Judge are void, Judge Scriven has no authority to rule upon other orders are motion until her impartiality is settle in the case that's pending on appeal.

## CERTIFICATE OF SERVICE:

I SWEAR under penalty of perjury, the above information is true and correct, a copy was mailed to the Clerk of Court on this 12th day of September 2025.

S/DERREL LEONARD THOMAS, PRO-SE

821 MOONLIGHT LANE

BROOKSVILLE, FL 34601

PHONE NO. 352-238-9730

EMAIL. derrelthomas50@gmail.com

6